J. E. EATON v. THE STATE.

No. 5409. Decided June 11, 1919.

Rehearing granted October 8, 1919.

**Misdemeanor—Jurisdiction—Pure Food Law—Recognizance.**

Where the appeal was dismissed because of a defective recognizance which failed to recite the amount of punishment assessed, but a new recognizance having been filed in accordance with the law the order dismissing the appeal is set aside on that ground, but it appearing from the record that the Criminal District Court of Bowie county is without jurisdiction of the subject-matter, the judgment is reversed and the prosecution dismissed.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from conviction of a violation of the Pure Food Law; penalty, a fine of one hundred fifty dollars.

The opinion states the case.

*Todd, Graham & Williams,* for appellant.—Cited Davis v. State, 23 S. W. Rep., 892.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a companion case to causes Nos. 5407 and 5408 J. E. Eaton v. State, this day decided.

The recognizance herein fails to recite the amount of punishment assessed, and is, therefore, defective.

The appeal will be dismissed.

*Dismissed.*

ON REHEARING.

October 8, 1919.

MORROW, JUDGE.—The conviction is for the violation of the Pure Food Law, in the sale of adulterated milk.

A dismissal was ordered because of a defective recognizance. A new recognizance having been filed in accordance with law, the order dismissing the case is set aside.

The same question of law is presented as that passed upon in the opinion this day rendered in the case of Eaton v. The State of Texas, No. 5406. The prosecution was begun in the Criminal District Court of Bowie County, which being without jurisdiction of the subject matter, the judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*